**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| EMILIO ROBERTO FERNANDEZ | : | |
| Petitioner | : | |
| v | : | Civil Action No. JFM-06-520 |
| RODERICK SOWERS, Warden | : | |
| Respondent | : | |

o0o

## MEMORANDUM

Pursuant to this court's order to show cause, respondent has filed an answer in the above-captioned case, together with exhibits. Paper No. 12. Petitioner has filed a reply with additional exhibits in support. Paper No. 14. After review of these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6; *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the petition shall be denied.

Background

On June 24, 2003, after a jury trial in the circuit court for Caroline County, petitioner was convicted of: possession with intent to distribute a controlled dangerous substance (LSD); possession of a controlled dangerous substance (marihuana); possession of a controlled dangerous substance, not marihuana (Adderrall); and two counts of possession of paraphernalia. Paper No. 12 at Ex. 1 and 7. Petitioner was sentenced to serve 27 years with all but 15 years suspended, the first 10 years being non-parolable. *Id*. In addition, he was ordered to pay a fine of $7,500.00. *Id*. Petitioner was also charged with similar offenses in a related case pending in Caroline County at the same time. The two cases were severed for trial, but prior to trial motions hearings were consolidated. *Id*. at Ex. 2, 3 and

4.

Petitioner filed an appeal in the Court of Special Appeals, alleging the trial court erred in admitting a lab analysis report and by permitting the state to use for purposes of impeachment, convictions which were more than fifteen years old. *Id*. at Ex. 6. The intermediate appellate court affirmed petitioner's conviction in an unreported decision dated March 19, 2003.[1] *Id*. at Ex. 7. The Court of Appeals denied the petition for writ of certiorari on June 20, 2003. *Id*. at Ex. 8.

On June 14, 2004, petitioner filed a post-conviction petition in the Circuit Court for Caroline County alleging: the trial court improperly denied him the opportunity to proceed pro se; prosecutorial misconduct; and ineffective assistance of trial counsel. *Id*. at Ex. 9. On November 22, 2004, a hearing was held on the petition. *Id*. at Ex. 10. The court denied relief in an oral decision the same day. *Id*. at pp. 35– 37.  With respect to petitioner's claim of ineffective assistance of counsel, the post-conviction court found that:

> The Petitioner in this case would have to show . . . there is a reasonable probability that but for counsel's unprofessional errors the result would have been different.  This court has heard no evidence and a perusal of the transcript of the jury trial which took place on August the 14th, 2001, fails to disclose any evidence of ineffective assistance or unpreparedness on the part of defense counsel.

*Id*. at Ex. 10,  p. 36. The claim of prosecutorial misconduct was addresses by the court as follows:

> The Petitioner secondly alleged professional misconduct, he cited a violation of Rule 5-609, which deals with impeachment by evidence of conviction of crime.  And here today he argued that the professional misconduct on the part of the State's Attorney was presenting perjured testimony. And the Court finds that that is a bald allegation. The Petitioner has offered no evidence to support that bald allegation.

---

[1] The mandate issued on April 18, 2003.

*Id.* Petitioner's claim that he was improperly denied an opportunity to proceed pro se in his criminal trial was also denied by the post-conviction court. The court found that there was no request made by petitioner to proceed pro se at the July 11, 2001, pre-trial hearing. *Id.* The court further concluded that petitioner had "failed to meet his burden of proving that his trial was not a just and fair trial." *Id.* pp. 36–37. Following the denial of post-conviction relief, petitioner filed an application for leave to appeal which was subsequently denied by the Maryland Court of Special Appeals. *Id*. at Ex. 12 and 13.

<u>Threshold Considerations</u>

Exhaustion of State Remedies

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may seek habeas relief in federal court, he must have exhausted each claim presented to the federal court by pursuing remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by proceeding with certain claims on direct appeal (and thereafter seeking certiorari to the Court of Appeals), and with other claims by way of a post-conviction petition, followed by seeking leave to appeal in the Court of Special Appeals.

Petitioner no longer has any state direct appeal or collateral review remedies available to him with respect to the claims raised in this court; thus, his claims are considered exhausted for the purpose of federal habeas corpus review.

Procedural Default

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, by failing to raise the claim in post-conviction proceedings or on direct appeal, or by

3

failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U. S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post conviction relief).  A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

> As the Fourth Circuit has explained:
>
> If a state court clearly and expressly bases its dismissal of a  habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[2]  *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause"

---

[2] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief.  *See Murray v. Carrier*, 477 U.S. at 496.  "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). A petitioner who wishes

consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

## Statute of Limitations

Respondent does not contend -- and this court does not find -- that the petition is time-barred pursuant to 28 U.S.C. §2244(d).

## Standard of Review

When a petitioner alleges a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The second prong requires the court to consider whether there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A strong presumption of adequacy attaches to counsel's conduct, so strong in fact that a petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id.* at 696.

Because the petition was filed after April 24, 1996, it must be evaluated pursuant to amendments to the habeas corpus statutes contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (codified in scattered sections

---

to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

of 28 U.S.C.).[3]  Under the AEDPA, federal courts are no longer authorized to correct mere error in state court proceedings, but must instead exercise more limited review.  Under the amendments,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2) (as amended). In reviewing petitioner's attack on his state court conviction, this court presumes that the state court's factual determinations are correct.  Petitioner bears the burden of rebutting this presumption of correctness by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), Justice O'Connor observed that:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. at 412-13.  The Court noted that "the phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision."  *Id*.  "[A] federal habeas court

---

[3]     *See Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998).

making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. With these standards in mind, this court addresses the claims now before it.

Analysis

Denial of Self-Representation

Petitioner claims the trial court erred when it failed to honor his request to proceed without an attorney at trial. He claims he asserted his right to proceed pro se at the July 11, 2001, pre-trial hearing, but the judge denied his request because it would be a hardship on the court. Paper No. 1 at p. 6. He further asserts that he requested a continuance at another pre-trial hearing held on August 1, 2001. *Id*. He states he asked the judge for the continuance for purposes of hiring counsel to replace the public defender who was assigned to represent him. *Id*. Both requests were denied by Judge Jensen; petitioner's trial was presided over by Judge Marvin H. Smith. Paper No. 12 at Ex. 5. Petitioner claims that assigning Judge Smith to preside over the trial on the merits was somehow an effort to cure the reversible errors committed by Judge Jensen at the pre-trial hearings. Paper No. 1 at p. 6. He further claims that the transcripts of the pre-trial hearings are "complete forgery" because statements made during the hearings were not recorded.[4] Petitioner admits that he did not renew his request to represent himself on the day of trial. Papers No. 1 and 14.

To establish that his right to proceed pro se was violated, petitioner must establish that he asserted his right to proceed without counsel before meaningful trial proceedings had commenced.

---

[4] Petitioner presented testimony at his post-conviction hearing from a friend who attended the pre-trial hearing. Paper No. 12 at Ex. 10. She recalled that Judge Jensen engaged her in a personal conversation during the hearing. The exchange was not recorded in the transcript. He also points to the fact that there is only one statement attributed to him during the entire hearing. Paper No. 14 at pp. 10–11. He claims it is not possible for a pre-trial hearing to take place and have the criminal defendant stand mute the entire time.

7

*See United States v. Lawrence*, 605 F. 2d 1321, 1325 (4th Cir. 1979). The post-conviction court reviewed the transcript of the pre-trial hearings and concluded that petitioner had not asserted a right to proceed pro se at those two hearings. In addition, petitioner never renewed the request at trial for this particular case. The post-conviction court's conclusion that petitioner did not make a request to proceed pro se was not an unreasonable determination of the facts in light of the evidence presented. The only evidence presented by petitioner at the post-conviction hearing in an attempt to establish that he made the request was that the transcript did not reflect every statement made in the court room. The colloquy between petitioner and the pre-trial hearing judge, however, reflected at best equivocal statements by petitioner that he was considering discharging his attorney. There was no indication in the transcript from which it could be gleaned that petitioner did not want to be represented by counsel. Accordingly, the claim does not present a basis for federal habeas relief.

In a related claim, petitioner alleges that the post-conviction court failed to consider the testimony of three witnesses presented at the post-conviction hearing and erred in quashing a subpoena for the judge who presided over the pre-trial hearing. Paper No. 1 at p. 6. The failure of a post-conviction court to find the testimony of a witness credible is not a basis for federal habeas relief. Moreover, the decision to quash a subpoena issued for the pre-trial hearing judge was an exercise of the court's discretion. The claimed error is a matter of state law and does not present a basis for federal habeas relief. *See Bryan v. State*, 848 F. 2d 492, 493 (4th Cir. 1988).

## Ineffective Assistance of Counsel

Petitioner claims that appellate counsel was ineffective for failing to raise a claim that he was denied his Sixth Amendment right to self-representation. Paper No. 1. Petitioner points to the fact that in his related case, which was tried separately, the issue of denial of his right to self-

representation was raised on direct appeal and his conviction was reversed by the Maryland Court of Special Appeals. Paper No. 12 at Ex. 14. The Court of Special Appeals, however, based its decision not on the pre-trial hearing that took place before the two cases were severed, but on petitioner's assertion of his right to self-representation on the day of trial. *Id*. at pp. 2– 3.

Petitioner admits that this claim was not raised in his post-conviction petition and offers as cause his belief that he needed the assistance of the Public Defender's Appellate Office.[5] The claim is procedurally defaulted and the offered cause does not establish a basis for this court to consider the claim. The failure of this court to consider the claim will not result in a fundamental miscarriage of justice, inasmuch as the claim has no merit.

## Official Misconduct

Petitioner asserts a conspiracy existed among various jurists involved in his case to permit the alteration of the trial transcript for the July 11, 2001, pre-trial hearing. Aside from the complete absence of any evidence to support such a claim, it was never presented to the state courts for review and is therefore procedurally defaulted. To the extent that petitioner's claimed cause is that the claim could not be raised in state court due to its nature, such "cause" provides no basis to excuse the procedural default. Again, the failure of this court to consider the merits of this claim will not result in the fundamental miscarriage of justice because the claimed inaccuracies do not exist. As respondent points out, the events that petitioner believes should have been reflected in the July 11th hearing transcript actually took place on August 1, 2001, and are reflected in that transcript. Paper No. 12 at p. 20. Consequently, the claim does not present a basis for federal habeas relief.

---

[5] Petitioner states: "Ineffective assistance of appellant (sic) counsel was never raised at the state level because I felt that I might need the help of the Public Defenders Office, Appellant (sic) Division in preparing my appeal, and did not want a conflict to arise. Now that I have left state court, and am under a different Public Defenders Office, I believe the issue is ripe." Paper No. 1 at p. 7.

Conclusion

Upon review of the pleadings submitted, the court determines that petitioner is not entitled to federal habeas relief. There is no basis upon which to find constitutional deficiencies in the state court proceedings, petitioner having failed to rebut the presumption of correctness of the findings of fact underlying the rejection of his grounds for post-conviction or appellate relief and having failed to overcome the procedural default of several claims. Accordingly, the petition shall be dismissed with prejudice by separate order which follows.

March 2, 2007 /s/
Date J. Frederick Motz
United States District Judge